Per Curiam.

The question presented is whether the amended tax statutes above referred to are constitutional.
These statutes, before their amendment, were considered by the Supreme Court of the United States in Society for Savings in the City of Cleveland v. Bowers, Tax Commr., 349 U. S., 143, 99 L. Ed., 950, 75 S. Ct., 607. That court held that the tax as imposed by the then existing statutes on the ownership interests was on the financial institution itself and not on the depositor, and that federal securities could not be included in the computation of the capital.
In the opinion by Mr. Justice Harlan it is stated:
“The Supreme Court of Ohio recognized that this tax, based as it was upon the inclusion of federal obligations, would have to fall if directed against the banks. * * * Holding that the depositors of a mutual savings bank have an interest similar to that of shareholders of other banks, the Ohio court found instead that the tax was imposed upon the ‘intangible property interests’ of the depositors as the owners of each bank. The banks’ capital, surplus fund and undivided profits, which we will refer to as their surplus, were regarded as not themselves the subject matter of the tax, but as simply the measure of the tax against the depositors, and the banks were treated as tax-collecting agents rather than as taxpayers.
“In so deciding the Ohio court relied upon a gloss on the rule of immunity stated above. It has been held that a state may impose a tax upon the stockholders’ interests in a corporation, measured by corporate asset values, without making any deduction on account of United States securities held by the corporation. * * * The result is that-when * * * the shareholder tax is measured solely by corporate asset values, such a tax is difficult to distinguish from a tax imposed upon the corporation itself, so far as the practical impact of the two types of taxes *67 upon corporate-owned federal obligations is concerned. Nevertheless, this exception to the general rule of immunity is firmly imbedded in the law.
“* * * The statute is barren of any language expressly imposing this tax on the depositors, and contains no provision giving the bank any right to recover the tax from the depositors, as might be expected if the bank had been regarded as a mere tax-collecting agent. * * # Í < * # #
“* * * In assessing the validity of the tax under federal law, we are not bound by the state’s conclusion that the tax is imposed on the depositors * * *.
“* * * should the bank be unable to pay the tax, after it has been assessed, there is no provision entitling the state of Ohio to collect it from the depositors. A tax against the depositors which is recoverable only from the bank looks like a tax against the bank. And if the tax is in fact against the bank, it does not matter whether the ultimate economic impact is passed on to the depositors. * * *
“Next, it appears that the statute does not relieve the bank from having to pay the tax on the ‘intangible property interest’ of a depositor who had an account with the bank on the assessment date of the tax, but has withdrawn his account before the collection date. And if the bank is required to pay on the former depositor’s account, there is no provision entitling the bank to reimbursement from him. * * *
“Without provisions protecting the bank against the burdens of the tax, we can not assume that the statute’s operation will not infringe on the immunity of the federal obligations held by the banks. * * *
“We conclude that this tax is on the depositors in name only, and that for federal purposes it must be held to be on the banks themselves.”
That language indicates an acknowledgment that the state has the power to tax intangible interests of ownership in an incorporated financial institution without shares of capital stock and use the net worth of the institution as a measure of value .for taxation without excluding federal securities owped by. the *68 institution, but indicates that under the then existing statutes it had not done so.
After that decision was rendered, the General Assembly amended the statutes (126 Ohio Laws, pt. 2, 12, supra) by expressly and definitely supplying the deficiencies found by the federal Supreme Court.
Section 5709.02 now provides in part that “ownership interests of the depositors in incorporated financial institutions located in this state, the capital of which is not divided into shares, or which have no capital stock, as such ownership interests are defined in Sections 5725.04 and 5725.07 of the Revised Code, shall be subject to taxation.”
Section 5725.04, as amended, provides that there shall be listed and assessed at book value “all the ownership interests of the depositors in the capital employed in an incorporated financial institution located in this state, the capital of which is not divided into shares, or which has no capita] stock,” and defines such capital as “the ownership interests of the depositors in such incorporated financial institution and not any of the capital or property of or belonging to such incorporated financial institution.”
Section 5725.07, as amended, requires the Tax Commissioner to assess “all the taxable ownership interests of the depositors in the capital employed in such incorporated financial institution, the capita] of which is not divided into shares, or which has no capital stock,” on the basis of the surplus or revenue fund and the undivided profits, and that such assessment “shall be deemed to constitute an assessment of the intangible interests of ownership of the depositors in such incorporated financial institution and not an assessment of any of the capital or property of or belonging to such incorporated financial institution.”
Section 5719.09 now provides that the taxes thus assessed shall be a lien on the ownership interests.
Section 5719.10, as amended, provides that the institution which pays the taxes so assessed on such ownership interests “may charge the amount thereof to depositors * * * and deduct the amount thereof from the deposit of each such depositor * * * and shall have a lien upon such deposit * * * ownership interest of such depositor, and all funds in its possession be *69 longing to such depositor * * * for reimbursement of the taxes payable or paid,” and that “such lien may be enforced in any appropriate manner.”
By these and other amended statutes (126 Ohio Laws, pt. 2, 12, supra), the Genera] Assembly has expressly supplied the deficiencies which the United States Supreme Court found in the then existing statutes.
The decision of the Board of Tax Appeals is affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Herbert, JJ., concur.
Stewart, J., not participating.